## GOODHUE vs. BUTMAN.

When a sale is made without warranty and without fraud, and the reasonable and just expectations of the purchaser as to the quality are disappointed ; if, nevertheless, he receives the article without objection, he is liable for the price agreed.

THIS case, which was *assumpsit* for the price of a quantity of bricks, came up by exceptions taken by the defendant to the opinion of *Ruggles J.* before whom it was tried in the Court below. It appeared that the plaintiff had a quantity of bricks for sale, then made in his yard, and ready to be burnt ; and upon application being made to him for some of them, by the defendant, who already knew the general quality of the bricks made at that yard, he offered them to the defendant for five dollars a thousand. The latter offered him a less sum for twelve thousands, but being told that he could not have them for less than five dollars, he said he would take several thousands, perhaps enough for his chimnies, at that price. He subsequently, by his agent, sent from time to time and took the quantity charged in the plaintiff's account. The defendant was present on the first day, when some of the bricks were brought, and made no objection to their quality. He then went to *Boston,* leaving the business in the hands of his agent. The agent, after some portion of the bricks had been received, notified the plaintiff that they would not answer the purpose ; and directed his teamster to return without any, unless the plaintiff sent better bricks. The agent however testified that the plaintiff did send three other loads that were no better. Afterwards he sent one load of good weather bricks. Then the agent went with the plaintiff to the house the defendant was building, and showed him the defects in the bricks ; but, at his request, and upon his assurance that they should be of a better quality, consented to receive the residue, being two or two and a half thousands : and no complaint was afterwards made. There was much conflicting testimony as

Goodhue *v.* Butman.

to the quality of the bricks ; but they were nearly all used in building the chimnies in the defendant's new house.

Upon the whole testimony, of which the foregoing is the substance, the Judge instructed the jury that, in the absence of proof of an express stipulation as to the quality, they might supply the want of such proof by inference, or presumption, from the purpose for which they were purchased, and the evidence of the defendants' having seen the bricks at the time of contracting, and before they were burnt, together with his previous knowledge of the kind and quality of bricks usually made of the material at that yard ; and that if the bricks received by the defendant were suitable for the purpose for which they were purchased, and of as good a quality as were usually made at that yard, and as the defendant had reason to expect to receive there, when the contract was made, he was bound to pay the stipulated price.

They were further instructed, that if the bricks were of a quality somewhat poorer than the defendant expected to receive, at the time of contracting ; yet if he took them from the plaintiff's yard without objection, and used them without notice to the plaintiff that he should not hold himself accountable for them as for the bricks contracted for, or that he should not pay for them at the agreed price :—or, if the defendant's agent, in consenting to receive the residue of two or two and a half thousands, they being of a better quality, intended thereby to waive objections to the quality of those previously received, and it was understood by the parties that the average quality would be thus restored to that which was contracted for, and the residue were in fact of such better quality ;—in either of these cases the plaintiff would be entitled to recover the price contracted for. The Judge further instructed them, that if they should find from the evidence, that the bricks were received as for the bricks contracted for, the burden of proof was on the defendant to show that they were of an inferior quality. But that if the contract was not performed on the part of the plaintiff, so far as it respected the quality of the bricks, and the defendant did not waive his objections, yet the bricks having been used by him, he was liable to pay the plaintiff what they were reasonably worth ;

Goodhue *v.* Butman.

and if this sum amounted to more than had been tendered by the defendant, their verdict must be for the plaintiff, for the surplus. And they found for the plaintiff.

The exceptions were briefly spoken to by *Brown* and *T. McGaw* for the plaintiff, and *Rogers* for the defendant ; and the opinion of the Court was delivered at the ensuing *June* term in *Washington,* by

WESTON J. who, after stating the facts as above, proceeded as follows.

We do not perceive any objection to the instructions of the Judge. to the jury. Upon the first view suggested, which the testimony rendered suitable and appropriate, the defendant received precisely what he purchased and what he expected ; and if so, was unquestionably bound to pay the stipulated price. The second instruction is well supported by authority. When a sale is made without warranty and without fraud, and the reasonable and just expectations of the purchasers as to the quality are disappointed, if nevertheless he receives the article without objection he is liable for the price agreed. In this case notice was given and complaint made, whether well or ill founded, and it was submitted to the jury to determine whether, if some of the bricks were not so good as they ought to have been, others were not better, and whether upon the whole the defendant or his agent had not waived all objection to the quality, and received them under the contract ; and they found that he had. If the defendant did so, he was chargeable for the price he had agreed to pay ; and we are of opinion the Judge was warranted in presenting the case under this aspect to the jury.

*The exceptions are overruled, and the judgment affirmed.*